# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Criminal Case No. 3:00CR00050 |
| DONNIE TUNSTALL, | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| Defendant. | : | |
| | | |
| DONNIE TUNSTALL, | : | |
| Petitioner, | : | |
| | | Civil Case No. 3:04CV00001 |
| | : | |
| vs. | | District Judge Walter Herbert Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| UNITED STATES OF AMERICA, | | |
| | : | |
| Respondent. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

On August 23, 2000, Donnie Tunstall pled guilty to two criminal offenses: armed bank robbery in violation of 18 U.S.C. §2114(a) and (d), and use of a firearm in a crime of violence in violation of 18 U.S.C. §924(c).  *See* 3:00CR00050, Doc. #s 1, 11, 12.  The trial court sentenced Tunstall to, among other things, a prison term lasting 120 months on the armed bank robbery

---

[1] Attached hereto is a NOTICE regarding objections to this Report and Recommendations.

conviction to be served consecutively to a prison term of 120 months on his remaining conviction. *Id*. at Doc. #27.

Tunstall's direct appeal of his convictions was denied on October 24, 2002. *Id*. at Doc. #39; *United States v. Tunstall*, 49 Fed. Appx. 581 (6th Cir. 2002). He did not file a Petition for a *Writ of Certiorari* in the United States Supreme Court.

These cases are presently before the Court on Tunstall's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, his Memorandum in Support, and other attachments, *id*. at Doc. #42; the Government's Memorandum in Opposition, *id*. at Doc. #44; Tunstall's Reply and his Memorandum Presented to Amend Stipulations of 2255, *id*. at Doc. #46; and the record as a whole.

Tunstall's Motion raises two grounds for relief:

> Ground One: Movant's convictions and sentence are void because Counts 1 and 2, to which he pleaded guilty, are jurisdictionally defective due to the failure of the Indictment to include element of F.D.I.C. insurance, required by 18 U.S.C. section 2113(f)....
>
> Ground Two: Movant's Trial Counsel was ineffective because he permitted [Tunstall] to plead guilty to void Counts and never moved to dismiss or for directed verdict of acquittal at a Trial.[2]

(3:00CR00050, Doc. #42 at 5).

In response to Tunstall's Motion, the Government points out that Count 1 of the Indictment properly alleged the FDIC status of the bank that Tunstall robbed. A review of the Indictment confirms this, and Tunstall – to his credit – now acknowledges, "the Indictment correctly charged the 18 U.S.C. section 2113(f) element of 'F.D.I.C. insurance' in Count 1...."

---

[2] Tunstall clarifies in his Memorandum and Reply that he also raises a similar claim of ineffective assistance of appellate counsel. *See* 3:00CR00050, Doc. #42, Memo. at 4-11; #50 at 2. His counsel in both courts was the same attorney.

(3:00CR00050, Doc. #45 at 1). This challenge to the Indictment therefore lacks merit.

Tunstall thus turns to another argument – "The Indictment charges Movant with robbing 'Bank One,' but there is no bank with that name. The proper legal name of the bank, which should have been charged in the Indictment is 'Bank One, N.A.,' with the omitted 'N.A.' standing for 'National Association.' Without the missing 'N.A.,' the indictment fails to charge the robbery of any legally existing bank...." (3:00CV00050, Doc. #45 at 2-3). Based on this, Tunstall concludes that the Indictment was jurisdictionally defective.

"In general, an indictment is constitutionally adequate if it 'contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001)(footnote and citation omitted). To be sufficient, an indictment may use statutory language in a general description of the charged offense, but the description "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling v. United States*, U.S. 418 U.S. 87, 117-18 (1974); *see Landham*, 251 F.3d at 1079-80.

A review of the Indictment in the present case reveals that if fairly, indeed fully, informed Tunstall of the identity and location of the bank he was charged with robbing. Specifically, the Indictment charged in part:

> On or about January 25, 1999, in the Southern District of Ohio, the defendant, Donnie Donell Tunstall, by force and violence and by intimidation, did take from the person and presence of Bank One employees approximately $4,080.00 in money belonging to and in the care, custody, control, management and possession of <u>Bank One, 1158 West Third Street, Dayton, Ohio</u>...,

3

(3:00CR00050, Doc. #44, Attachment A (emphasis added)).  Contrary to Tunstall's contention, the Indictment identified a specific legally existing bank, the Bank One at 1158 West Third Street, Dayton, Ohio.  This specificity was not removed or somehow negated by the absence of the initials "N.A." from the Indictment's reference to this particular Bank One branch.  Consequently, Tunstall's challenge to the indictment lacks merit.

Tunstall's remaining claims of ineffective assistance of trial and appellate counsel lack merit, because he bases these claims on counsel's failure to raise his unsuccessful challenges to the Indictment.  "In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show both that his lawyer's performance was deficient, and that this deficiency prejudiced his defense."  *Jenkins v. United States*, 394 F.3d 407, 410 (6th Cir. 2005); *see Strickland v. Washington,* 466 U.S. 668, 687 (1984).  Because Tunstall's underlying challenges to the Indictment lack merit, his counsel did not provide deficient performance by declining to raise these meritless claims, and no prejudice resulted from counsel's omission of these claims.  *See Strickland*, 466 U.S. at 687-89; *see also Jenkins*, 394 F.3d at 414 (counsel's failure to raise meritless claim not ineffective assistance).

Accordingly, Tunstall's Motion to Vacate, Set Aside or Correct Sentence lacks merit.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner Donnie Tunstall's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (3:00CR00050, Doc. #42; 3:04CV00001, Doc. #42) be DENIED;

2. Because reasonable jurists would not disagree with the conclusions reached in this Report, Petitioner should be denied both leave to appeal *in forma pauperis* and any requested Certificate of Appealability; and

3. These cases be terminated on the docket of this Court.

September 27, 2006

                  s/ Sharon L. Ovington  
                   Sharon L. Ovington  
               United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).