IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:00-cr-050

                                                District Judge Walter Herbert Rice
- vs -                                      Magistrate Judge Michael R. Merz

DONNIE DONNELL TUNSTALL,

          Defendant.    :

## ORDER VACATING STAY; REPORT AND RECOMMENDATIONS

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court declared the residual clause of the Armed Career Criminal Act to be unconstitutionally vague. With the assistance of appointed counsel, Defendant Donnie Tunstall filed this action under 28 U.S.C. § 2255, arguing *Johnson* applied to the analogous residual clause language in the Sentencing Guidelines under which he had received an enhanced sentence as a career offender (Motion, ECF No. 56). Tunstall noted that the Sixth Circuit had already applied *Johnson* to the Sentencing Guidelines in *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016).

Simultaneously with filing the § 2255 Motion, Tunstall filed a Motion to Hold in Abeyance pending a decision by the Sixth Circuit on whether Tunstall could proceed, despite the fact that this was a second-or-successive § 2255 Motion (ECF No. 57). The Court granted that Motion and transferred the case to the circuit court (ECF No. 60). Subsequently the Sixth Circuit

1

granted permission to proceed, but directed this Court to stay proceedings pending a decision by the Supreme Court in *Beckles v. United States*,— U.S. —,2016 WL 1029080 (2016). *In re: Donnie Tunstall,* Case No. 16-3582 (6th Cir. Sept. 7, 2016)(unreported; copy at ECF No. 62). Recalling that *obedientia est legis essentia*, the Court followed the instruction of the Sixth Circuit and stayed the case pending the outcome in *Beckles* (Notation Order, Sept. 11, 2016).

The Supreme Court has now decided that case. *Beckles v. United States*, 2017 U.S. LEXIS 1572 (March 6, 2017). Accordingly, the stay of proceedings herein is VACATED.

Moreover, the Supreme Court decided *Beckles* in a way that is fatal to Mr. Tunstall's claim by deciding that "the [Sentencing] Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id.* at *11.

It is therefore respectfully recommended that Defendant's § 2255 Motion (ECF No. 56) be dismissed with prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 2255.


March 8, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge


**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).