# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 3:00-cr-050

                                         District Judge Walter Herbert Rice
  -  vs  -                                 Magistrate Judge Michael R. Merz

DONNIE DONNELL TUNSTALL,

                Defendant.     :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This case is before the Court on Defendant's Objections (ECF No. 64) to the Magistrate Judge's[1] Report and Recommendations which recommended that this case be dismissed with prejudice ("Report," ECF No. 63).  Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 54).

      Defendant claimed in the Memorandum in Support of his Motion to Vacate under 28 U.S.C. § 2255 that his sentence as a career offender under the Sentencing Guidelines must be vacated because the relevant portion of the Sentencing Guidelines was unconstitutionally vague (ECF No. 56, PageID 340), relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and

---

[1] Counsel refers to the undersigned throughout the Objections as "Magistrate."  The title of the office was changed by Congress in 1991 to "Magistrate Judge."  Shortening the title to "Magistrate" is an unusual contraction.  While the Supreme Court is sometimes spoken of colloquially as "the Supremes," one never hears a Circuit Judge referred to as a "Circuit" or a District Judge" referred to as a "District."  Why then contract "Magistrate Judge" to "Magistrate"?

1

*United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016).  The Report concluded that argument is now untenable because the Supreme Court has decided *Beckles v. United States*, 2017 U.S. LEXIS 1572 (March 6, 2017), holding "the [Sentencing] Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id.*  at *11.  On the basis of *Beckles*, the Magistrate Judge recommended dismissal with prejudice (Report, ECF No. 63).

Tunstall objects that *Beckles* only applies to the Sentencing Guidelines after they were made advisory in *United States v. Booker*, 543 U.S. 220 (2005), and notes that he was sentenced in 2003 under the mandatory Guidelines regime before *Booker* (Objections, ECF No. 64, PageID 361).  Therefore, he claims, the "rationale in *Beckles* is inapplicable to this case.  Under a mandatory Guidelines scheme, the residual clause of U.S.S.G. § 4B1.1 is void for vagueness." *Id.*  at PageID 362.

The holding in *Beckles* is not limited to post-*Booker* advisory Guidelines; the Supreme Court nowhere adopts or adverts to the distinction Tunstall urges.  Nor is the rationale of *Beckles* as narrow as Tunstall suggests.  Justice Thomas reminds us that the basis of the void-for-vagueness doctrine is that a vague criminal statute "fail to give ordinary people fair notice of the conduct it punishes fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Beckles* at *10, *citing Johnson, supra.*  He goes on to contrast *Johnson:*

> In *Johnson*, we applied the vagueness rule to a statute fixing permissible sentences. The ACCA's residual clause, where applicable, required sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years. That requirement thus fixed—in an impermissibly vague way—a higher range of sentences for certain defendants.

2

> See *Alleyne* v. *United States*, 570 U.S. ___, ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) (describing the legally prescribed range of available sentences as the penalty fixed to a crime).

*Id.* at *10-11.  Even the mandatory Guidelines were not addressed to "ordinary people" and did not limit absolutely the discretion of judges to depart upward or downward from the Guideline range.

Tunstall actually received a sentence of seven years on the armed bank robbery count which carried a maximum of twenty-five years.  At sentencing Judge Rice found Tunstall was a career offender. The Guideline range for armed bank robbery was 188 to 235 months.  Judge Rice departed downward by six offense levels, resulting in a Guideline range of 110 to 137 months (Transcript, ECF No. 32, PageID 284).  He was then sentenced below the middle of that range to 120 months  Thus the sentencing judge had effective discretion both to depart downward and to sentence within the lower range.  Tunstall's suggested distinction of the mandatory from the advisory Guidelines is not persuasive.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Defendant's § 2255 Motion (ECF No. 42) be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a

certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 20, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).