# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:00-cr-050

                                      District Judge Walter Herbert Rice
- vs -                              Magistrate Judge Michael R. Merz

DONNIE DONNELL TUNSTALL,

                Defendant.      :

## DECISION AND ORDER WITHDRAWING PRIOR REPORTS AND RECOMMENDATIONS AND ORDERING THE GOVERNMENT TO ANSWER

This § 2255 case is before the Court on Defendant's Objections (ECF No. 71) to the Magistrate Judge's Second Supplemental Report and Recommendations which recommended that this case be dismissed with prejudice ("Report," ECF No. 70). Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 73). The United States has responded to the Objections[1] (ECF No. 75) and Defendant has filed a Reply to that response (ECF No. 76).

---

[1] The Response states the Court ordered the Government to respond (PageID 394). That is not technically accurate. The Court gave the United States a reminder of the date by which its response was due if it was going to file one and invited comment on the case on which Defendant principally relied (Notice, ECF No. 72).

1

Mr. Tunstall seeks relief -- on the basis of *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015[2]), and *United States v. Pawlak*, 822 F.3d 902 (6th Cir. May 13, 2016) -- from his Sentencing Guideline classification as a career offender. *Johnson* declared the so-called residual clause of the Armed Career Criminal Act ("ACCA") unconstitutionally vague; *Pawlak* applied *Johnson* to the parallel residual clause of the Sentencing Guidelines.

The case was stayed to await the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886, 197 L. Ed. 2d 145 (March 6, 2017). After *Beckles* was handed down in March of this year, the Magistrate Judge recommended the case be dismissed with prejudice because the Supreme Court held in *Beckles* that the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, 137 S.Ct. at 889. Tunstall objected that *Beckles* applies only to the advisory Sentencing Guidelines as they exist after *United States v. Booker*, 543 U.S. 220 (Jan 12, 2005), and he was sentenced before *Booker* while the Guidelines were mandatory. In the Second Supplemental Report and Recommendations, the Magistrate Judge concluded *Beckles* applies to all Sentencing Guidelines cases, both advisory and mandatory (i.e., pre-*Booker*) because of its holding that "the [Sentencing] Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness." (2nd Supp R&R, ECF No. 70, PageID 380, quoting *Beckles*, 137 S. Ct. at 892.)

Tunstall objects that because the mandatory Guidelines had "the force and effect of laws," they are subject to a vagueness challenge. (Objections, ECF No. 71, PageID 384, quoting *United States v. Booker,* 543 U.S. 220, 234 (2005). He relies on *Hill v. Masters*, 836 F.3d 591 (6th Cir. Sept. 7, 2016), where the Sixth Circuit granted habeas corpus relief under 28 U.S.C. §

---

[2] Because the law in this area was unusually unstable after *Johnson*, the Magistrate Judge includes calendar dates of decision in the citations to allow the reader to keep the chronology of decisions in mind.

2

2241 to a defendant sentenced under the mandatory pre-*Booker* Guidelines. Tunstall emphasizes that the pre-*Booker* Guidelines had the "force of law" and a court "did not have discretion to impose a sentence other than a Guidelines range one. . . ." (ECF No. 71, PageID 385-86.)

The United States has responded to the Objections by asserting that Tunstall's § 2255 Motion is barred (1) as a second or successive application under 28 U.S.C. § 2255(h) and (2) by *Teague v. Lane*, 489 U.S. 288 (1989)(Response, ECF No. 75). Tunstall replies[3] that he obtained permission to file a second or successive application as required by § 2255(h) and his challenge is under *Johnson,* which stated a substantive rule made retroactive by the Supreme Court (Reply, ECF No. 76).

# Analysis

**The Asserted Second-or-Successive Bar**

The instant § 2255 Motion is Mr. Tunstall's second-or-successive application for relief under that statute (See first motion at ECF No. 42). Tunstall accordingly applied to the circuit court for permission to proceed and asked this Court to hold his instant Motion in abeyance pending a Sixth Circuit decision on that motion (ECF No. 57). The Sixth Circuit concluded he met 28 U.S.C. § 2244(b) requirements and permitted him to proceed in this Court, albeit with instructions to us to hold the case in abeyance until *Beckles* was decided. *In re: Donnie Tunstall,* Case No. 16-3582 (6th Cir. Sept. 7, 2016)(unreported, copy at ECF No. 62). As

---

[3] Tunstall argues the Government's Response exceeds the Court's request for a response which he says was limited to seeking the Government's comment on *Hill*. To the contrary, the Government was entitled to respond fully to Tunstall's Objections and needed no court permission to do so. Fed. R. Civ. P. 72(b)(2). Because of the scope of the Government's Response, however, the Court *sua sponte* grants Tunstall leave to reply, *nunc pro tunc* May 3, 2017.

instructed, this Court held the Motion in abeyance until *Beckles* was handed down in March (See ECF No. 60, 63).

The Government notes that the Sixth Circuit's decision held only that Tunstall had made a prima facie § 2244(b) showing and that this Court is "free to decide for itself whether [Tunstall's] claim relies on a new rule made retroactive by the Supreme Court." (Response, ECF No. 75, PageID 397, quoting *In re Embry*, 831 F.3d 377, 378 (6th Cir. 2016). Tunstall replies that this Court cannot second guess the Sixth Circuit's exercise of its § 2244(b) gatekeeping function, but concedes we can decide whether Tunstall is claiming under a new rule made retroactive by the Supreme Court.

The Magistrate Judge agrees this Court may not re-perform the circuit court's gatekeeping function. However, that Court's second-or-successive authorization requires us to decide the merits of Tunstall's Motion, including the retroactivity question.

**The Asserted *Teague v. Lane* Bar**

The Government asserts that § 2255 relief is barred here by *Teague v. Lane, supra,* which held that new rules of criminal procedure would not apply to cases on collateral review (i.e., cases where the judgment became final before the rule was announced) unless they were "watershed" rules.[4] The United States claims a rule allowing vagueness challenges to pre-*Booker* guidelines would be (1) new, (2) procedural, and (3) not a watershed. (Response, ECF No. 75, PageID 408-10.

---

[4] The Supreme Court has never recognized that a new rule was a "watershed" rule since *Teague* was decided, although it has suggested *Gideon v. Wainwright*, 372 U.S. 335 (1963), requiring provision of counsel for indigent defendants charged with felonies, would fit that category.

4

Tunstall replies that he has relied all along on *Johnson* and both the Sixth Circuit and the Supreme Court have held that *Johnson* announced a new substantive rule to which *Teague* does not apply. (Reply, ECF No. 76, PageID 416, citing *In re Watkins*, 810 F.3d 375, 380 (6th Cir. 2015), and *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).)

The Magistrate Judge agrees that *Johnson* has been classified by relevant precedent as having adopted a new substantive rule, applicable on collateral review.

**The Merits: Does Tunstall Have a Valid Claim Under *Johnson*?**

18 U.S.C. § 924(e), the Armed Career Criminal Act, reads in pertinent part:

> (1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
> (2) As used in this subsection—
>
> * * *
>
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [elements clause]; or

(ii) is burglary, arson, or extortion, involves use of explosives [enumerated offenses clause], or **otherwise involves conduct that presents a serious potential risk of physical injury to another** [residual clause] . . . .

Under this statute, a federal court is bound to impose a fifteen-year sentence on anyone found to be an armed career criminal. The holding of *Johnson* is that the residual clause of the ACCA, highlighted above, is unconstitutionally vague. After *Johnson*, no one can be sentenced as an armed career criminal on the basis of a prior conviction which qualifies only because it "otherwise involves conduct that presents a serious potential risk of physical injury to another." The effect of *Welch, supra*, is that any person sentenced as an armed career criminal prior to *Johnson* who did not have three predicate offenses which qualified as violent felonies without reference to the residual clause was entitled to be re-sentenced, provided he filed under § 2255 for that relief within one year of the *Johnson* decision.

Tunstall was not sentenced under the ACCA. Rather, he was sentenced as a career offender under the Sentencing Guidelines which required only two qualifying predicate convictions. The relevant definitions from the Guidelines are:

§4B1.1. Career Offender

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

§4B1.2. Definitions of Terms Used in Section 4B1.1

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In *United States v. Pawlak*, 822 F.3d 902 (6th Cir. May 13, 2016), the Sixth Circuit decided that the residual clause in the Guidelines was also unconstitutionally vague. *Id.* at 904. The United States agreed with that conclusion. *Id.* The Sixth Circuit nonetheless conducted its own examination of the merits of that question because its own precedents held the Guidelines were not subject to vagueness challenges. Finding the Guidelines residual clause "textually identical" to the parallel ACCA clause, the court wrote:

> The principal legal argument against applying Johnson to the Guidelines is not that their meanings are distinguishable but that the Guidelines are advisory, as opposed to "statutes fixing sentences," 135 S. Ct. at 2557, and therefore outside the reach of the vagueness doctrine. Given that the residual clauses are identical, the only reason *Johnson* would not compel the same result is if the Guidelines were immune from vagueness challenges.

The *Pawlak* case was before the Sixth Circuit on direct appeal. Pawlak had pleaded guilty in December 2014 and thus was sentenced under the post-*Booker* advisory Guidelines. *United States v. Pawlak*, Case No. 1:14-cr-305, 2015 U.S. Dist. LEXIS 11984 (N.D. Ohio Feb. 2, 2015). The *Pawlak* court noted that, despite the discretion sentencing judges have post-*Booker*, that

discretion is cabined by the Guidelines. *Id.* at 906. The court also analogized the Guidelines to agency regulations which, like statues, are subject to constitutional challenge:

> Moreover, the Guidelines, whether mandatory or advisory, have always been subject to some constitutional limitations. The Guidelines "are the equivalent of legislative rules adopted by federal agencies." *Stinson v. United States*, 508 U.S. 36, 45, 113 S. Ct. 1913, 123 L. Ed. 2d 598 (1993). Agency regulations, of course, are subject to constitutional challenge, and the Supreme Court has invalidated regulations on vagueness grounds. *See, e.g., FCC v. Fox Television Stations, Inc.*, 132 S. Ct. 2307, 2320, 183 L. Ed. 2d 234 (2012). It follows, therefore, that because the Guidelines are "equivalent" to regulations, which are subject to constitutional challenges such as vagueness, the Guidelines should also be subject to vagueness challenges.

*Id.* at 907. The *Pawlak* court noted that the Tenth and Third Circuits had reached the same conclusion, although the Eleventh had not on grounds the "Sentencing Guidelines are not susceptible to vagueness challenges." *Id.* at 908, citing *United States v. Matchett,* 802 F.3d 1185, 1193-96 (11th Cir. 2015).

*Pawlak* was decided in May 2016. A month later the Supreme Court granted certiorari in *Beckles v. United States*, 2016 U.S. LEXIS 4142 Case No. 15-8544 (June 27, 2016), on the following issues: (1) Whether *Johnson v. United States* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in United States Sentencing Guidelines (U.S.S.G.) § 4B1.2(a)(2) (defining "crime of violence"); (2) whether J*ohnson*'s constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review; and (3) whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson*. In July 2016 the Sixth Circuit expressed its hope that *Beckles* would resolve those questions and told District Courts to delay

deciding the questions until *Beckles* was handed down. *In re Embry, supra*. The appeals court repeated that expectation in granting Tunstall permission to proceed here (ECF No. 62, PageID 356).

The Supreme Court decided *Beckles* March 6, 2017. Justice Thomas' opinion clarifies that Beckles was sentenced under the post-*Booker* Sentencing Guidelines and states the holding of the case to be "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause. . . ." 137 S.Ct. at 890. He then recites the scope of the vagueness doctrine and explains why it does not apply to the advisory Guidelines:

> This Court has held that the Due Process Clause prohibits the Government from "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson*, 576 U.S., at ___-___, 135 S. Ct. 2551, 192 L. Ed. 2d 569, 577 (citing *Kolender* v. *Lawson*, 461 U.S. 352, 357-358, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983)). Applying this standard, the Court has invalidated two kinds of criminal laws as "void for vagueness": laws that *define* criminal offenses and laws that *fix the permissible sentences* for criminal offenses.
>
> For the former, the Court has explained that "the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Id.*, at 357, 103 S. Ct. 1855, 75 L. Ed. 2d 903. For the latter, the Court has explained that "statutes fixing sentences," *Johnson, supra*, at ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569, 578 (citing *United States* v. *Batchelder*, 442 U.S. 114, 123, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979)), must specify the range of available sentences with "sufficient clarity," *id.*, at 123, 99 S. Ct. 2198, 60 L. Ed. 2d 755; see also *United States* v. *Evans*, 333 U.S. 483, 68 S. Ct. 634, 92 L. Ed. 823 (1948); cf. *Giaccio* v. *Pennsylvania*, 382 U.S. 399, 86 S. Ct. 518, 15 L. Ed. 2d 447 (1966).

> In *Johnson*, we applied the vagueness rule to a statute fixing permissible sentences. The ACCA's residual clause, where applicable, required sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years. That requirement thus fixed—in an impermissibly vague way—a higher range of sentences for certain defendants. See *Alleyne* v. *United States*, 570 U.S. ___, ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) (describing the legally prescribed range of available sentences as the penalty fixed to a crime).
>
> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness.

*Id*. at 892. Justice Thomas gave the reason why the advisory Guidelines are not subject to a vagueness challenge:

> The Guidelines thus continue to guide district courts in exercising their discretion by serving as "the framework for sentencing," *Peugh* v. *United States*, 569 U.S. ___, ___, 133 S. Ct. 2072; 186 L. Ed. 2d 84, 99 (2013), but they "do not constrain th[at] discretion," *id.*, at ___, 133 S. Ct. 2072; 186 L. Ed. 2d 84, 105 (Thomas, J., dissenting).
>
> Because they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge. As discussed above, the system of purely discretionary sentencing that predated the Guidelines was constitutionally permissible. If a system of unfettered discretion is not unconstitutionally vague, then it is difficult to see how the present system of guided discretion could be.

*Id.* at 894.

The Supreme Court in *Beckles* took no position on whether *Johnson* applies to persons sentenced under the mandatory Guidelines. Concurring in the judgment, Justice Sotomayor wrote:

> The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) that is, during the period in which the Guidelines did "fix the permissible range of sentences," ante, at 5—may mount vagueness attacks on their sentences. See Brief for Scholars of Criminal Law, Federal Courts, and Sentencing as Amici Curiae 33-34. That question is not presented by this case and I, like the majority, take no position on its appropriate resolution.

137 S.Ct. 903, n.4. None of the majority Justices suggested Justice Sotomayor was wrong on this point. Therefore Mr. Tunstall is correct in his Objections that the Magistrate Judge overstated the *Beckles* decision by concluding that the case applied to all Guideline sentences whether under the advisory or mandatory Guidelines. On its face *Beckles* applies only to the advisory, post-*Booker*, Guidelines.

With that clarification made, the Magistrate Judge concludes the residual clause of the mandatory Guidelines under which Tunstall was sentenced is unconstitutionally vague.

First of all, the language involved is "textually identical" to the language declared unconstitutionally vague in *Johnson*.

Second, the Guidelines residual clause language performs the same function as the identical language in the ACCA: guiding judges in determining whether a prior conviction is for a crime of violence.[5] The purpose of the classification is the same in both cases, to wit,

---

[5] The ACCA uses the term "violent felony," but that is completely equivalent to a crime of violence punishable by more than a year in prison.

determining whether a defendant is liable to an enhanced sentence on the basis of certain prior convictions. The opportunity for arbitrary enforcement which is one of the targeted evils of vagueness doctrine[6] is available in either context. While the mandatory Guidelines were not a statute, they were sufficiently statute-like to warrant vagueness analysis – they required federal judges to sentence within a range they prescribed, permitting only departures that they authorized.

In *Welch* the Supreme Court decided the rule in *Johnson* was substantive and therefore applicable to cases on collateral review. The Government has provided no persuasive reason why *Welch* should not be applied here to reach the same result. The Magistrate Judge therefore concludes that *Johnson* is applicable to persons such as Mr. Tunstall who had their sentences enhanced under the mandatory Guidelines. Accordingly, the prior Reports and Recommendations (ECF Nos. 63, 66, and 70) are WITHDRAWN.

The prior Reports were issued on the basis that *Beckles* precluded relief in this case. In his last set of Objections, Tunstall urges the Court to grant relief on the basis of his Motion to Vacate (ECF No. 71). It would, however, be improper to do so without allowing the United States an opportunity to respond. It is accordingly ORDERED that the United States file its answer to the Motion to Vacate not later than June 1, 2017.

May 8, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[6] On the constitutional evils targeted by the vagueness doctrine, see *Beckles*, 137 S. Ct. at 892, citing *Johnson*, 192 L. Ed. 2d 569, 578.