# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:00-cr-050

                                    District Judge Walter Herbert Rice
  - vs -                            Magistrate Judge Michael R. Merz

DONNIE DONNELL TUNSTALL,

                Defendant.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This criminal case is before the Court on the Government's Objections (ECF No. 82) to the Magistrate Judge's Report and Recommendations (ECF No. 81) recommending that the Defendant's Motion to Vacate under 28 U.S.C. § 2255 should be granted. Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 83). The Objections were filed June 30, 2017, so that Defendant's time to respond expired July 14, 2017. Fed. R. Civ. P. 72(b). Since no response has been filed, the Objections are ripe for reconsideration.

Mr. Tunstall was sentenced as a career offender before *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), rendered the Sentencing Guidelines advisory. The Report reasoned that the mandatory Guidelines were sufficiently like a statute that the vagueness doctrine could apply to the residual clause of the mandatory Guidelines despite the

1

decision in *Beckles v. United States*, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017). Beckles expressly speaks only to the *post-Booker* advisory guidelines.

Applying *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), the Magistrate Judge concluded Tunstall had only one qualifying predicate conviction. Because two are required, his § 2255 Motion should be granted and his sentence vacated; he should then be re-sentenced without the Career Offender enhancement previously applied to him (Report, ECF No. 81, PageID 484.)

The Government's lengthy Objections evince disagreement with the Magistrate Judge's reading of the cases involved with applying *Johnson, supra*. The Magistrate Judge agrees there is substantial room for disagreement about how those cases should be read. Suffice it to say that the Objections cite no controlling Sixth Circuit decision or decision from any other judge of this Court since *Johnson* which rejects the Magistrate Judge's reading. Rather than congest the record with thirty more pages of writing, the Magistrate Judge will stand on the initial Report and allow the District Judge to decide if it is contrary to law as written.

July 28, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).