# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                    Plaintiff,      :      Case No. 3:00-cr-050

                                        District Judge Walter Herbert Rice
  - vs -                             Magistrate Judge Michael R. Merz

DONNIE DONELL TUNSTALL,

                    Defendant.     :

## WITHDRAWAL OF PRIOR REPORTS;
## SUBSTITUTED REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Objections (ECF No. 85) to the Magistrate Judge's Report and Recommendations (ECF No. 81) and Supplemental Report and Recommendations (ECF No. 84) which recommended that Mr. Tunstall's § 2255 Motion be granted. Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 88). Defendant has not responded to the Objections and his time to do so expired on August 25, 2017.

Donnie Tunstall was sentenced before the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). In *Booker* the Court decided that the Sentencing Guidelines governing sentencing for federal felony offenses could be held to constitutional only if they were

1

construed as advisory. Prior to *Booker*, the Guidelines had been held to be mandatory. In the Reports objected to, the Magistrate Judge had analyzed the pre-*Booker* mandatory Guidelines as sufficiently analogous to a criminal statute as to be subject to challenge under the void for vagueness doctrine applied by the Supreme Court to the Armed Career Criminal Act's residual clause in *Johnson v. United States*, 135 S. Ct. 2551 (2015)("*Johnson 2015*"). Compare *Beckles v. United States*, 137 S. Ct. 886 (2017), holding the post-*Booker* advisory Guidelines are not subject to a vagueness challenge.

The Government's Objections are supported by citation to *United States v. Raybon*, ___ F.3d ___, 2017 WL 3470389 (6th Cir. Aug. 14, 2017)(copy at ECF No. 89). In *Raybon* the Sixth Circuit decided that the defendant's § 2255 motion was untimely because it was filed more than one year after his conviction became final (Slip opinion at 4). Raybon had claimed his motion was timely because it was based on *Johnson 2015* and filed within one year of that decision. *Id.* The Sixth Circuit rejected this argument because it found that the question whether Johnson 2015 applies to the mandatory pre-*Booker* Guidelines "is an open question." *Id.* at slip opinion page 5. The court continued:

> Because it is an open question, it is *not* a "right" that "has been newly recognized by the Supreme Court" let alone one that was "made retroactively applicable to cases on collateral review." See § 2255(f)(3). See generally *Tyler v Cain*, 533 U.S. 656, 663-64 (2001) (holding that "made" means "held" under identical language in § 2244(b)(2)(A) and that it must be held retroactive by the Supreme Court).

*Id.*

Tunstall's conviction became final ninety days[1] after the Sixth Circuit affirmed his conviction on October 24, 2002. *United States v. Tunstall*, Case No. 01-3515, 49 Fed. Appx. 581 (6th Cir. Oct. 24, 2002). His instant § 2255 Motion was not filed until June 3, 2016, more than eleven years later and is therefore untimely. It should be dismissed with prejudice on that basis.

Therefore the pending Report and Recommendations (ECF No. 81) and the Supplemental Report and Recommendations (ECF No. 84) are WITHDRAWN and it is now respectfully recommended that the instant § 2255 Motion to Vacate (ECF No. 42) be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 30, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

---

[1] Ninety days is the time limit on filing a petition for writ of certiorari in the United States Supreme Court after an appellate court decision. The docket does not reflect that Tunstall sought Supreme Court review.

within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).